**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

JORDAN DAVIDSON,     )
           )
  PLAINTIFF,     )
           )
v.          )  CIVIL ACTION NO.:
           )
MS PHARMACIES LLC, AND  )
MAHESH PATEL,     )
           )  JURY TRIAL REQUESTED
  DEFENDANTS.    )
_____ )

## COMPLAINT

NOW COMES Plaintiff, JORDAN DAVIDSON, and hereby files this action pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §201 *et seq.* ("FLSA"), seeking payment for unpaid wages, liquidated damages, actual damages, compensatory damages, for Defendants' violation of the FLSA. Plaintiff also brings a related state law claim for breach of contract and failure to pay wages when due. Plaintiff further seeks reasonable attorneys' fees, costs and interest pursuant to 29 U.S.C. §216(b). Plaintiff states the following as her Complaint in this matter:

## I.    JURISDICTION AND VENUE

1.

Jurisdiction is conferred upon this Court by 29 U.S.C. §§216(b), 215(a)(3) of the Fair Labor Standards Act, by 29 U.S.C. §1331, this action arising under the laws of the United States, and by 28 U.S.C. §1337, this action arising under an act of Congress regulating commerce.

2.

This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), over the state law claims as these claims are so related to this action that they form part of the same case or controversy.

3.

Venue in this Court is proper pursuant to 28 U.S.C. §1391(b).

4.

Based upon Plaintiff's information and belief, Defendant, MS Pharmacies LLC ("Defendant MS Pharmacies"), is a Limited Liability Company organized and existing under the State laws of Georgia, and has a principal place of business of 3225 McLeod Drive, Suite 100, Las Vegas, Nevada, 89121.  The Defendant operates a pharmacy in the State of Georgia and does business under the name GetWell

Pharmacy with a physical location of 2579 Lawrenceville Highway, Suite A, Decatur, Georgia 30033.

5.

Service of process for the Defendant can be effectuated through its registered agent, Anderson Registered Agents, 1201 West Peachtree Street NW, Suite 2350, Atlanta, Georgia 30309.

6.

Based upon Plaintiff's information and belief, Defendant, Mahesh Patel ("Defendant Patel"), is an individual residing in Gwinnett County, State of Georgia and is the owner/operator of GetWell Pharmacy.

7.

The cause of action set forth in this Complaint arose within this jurisdiction.

## II.   PARTIES

8.

Plaintiff is an adult resident citizen of Fulton County, Georgia.

9.

At all times relevant to this Complaint, Plaintiff was a "covered employee" as defined by 29 U.S.C. §203(e)(1).

10.

At all times relevant, Defendant MS Pharmacies and Patel employed Plaintiff to perform labor for its benefit in this District, and Defendant MS Pharmacies and Patel made employment and compensation related decisions regarding Plaintiff within this District.

11.

At all times relevant hereto, Plaintiff suffered and/or was permitted to work for the benefit of the Defendant MS Pharmacies and Patel.

12.

Defendant MS Pharmacies lists its principal office address as 3225 McLeod Drive, Suite 100, Las Vegas, Nevada, 89121.  Upon information and belief, Defendant MS Pharmacies is a domestic limited liability company organized and conducting business within the State of Georgia and within this district.

13.

Defendant MS Pharmacies is a pharmacy in the State of Georgia and does business under the name GetWell Pharmacy with a physical office located at 2579 Lawrenceville Highway, Suite A, Decatur, Georgia 30033.

14.

The Defendant MS Pharmacies is engaged in interstate commerce for purposes of the FLSA by making telephone calls and utilizing the internet to submit insurance claims for prescriptions, engaging interstate internet marketing, and utilizing the U. S. Mail to ship its goods.

15.

Upon information and belief, Defendant MS Pharmacies' gross revenue is in excess of $500,000 per year.

16.

Defendant MS Pharmacies directed Plaintiff to individually engage in interstate commerce.

17.

Plaintiff, as part of her job duties, regularly engaged in interstate commerce.

18.

Defendant MS Pharmacies is an employer within the meaning of 29 U.S.C. §203(d) and are not exempt from the FLSA.

19.

Defendant Patel is the principal member of MS Pharmacies and is a person who acted directly or indirectly in the interest of an employer in relation to the

Plaintiff as defined by 29 U.S.C. 203(d). Specifically, Defendant Patel made employment and compensation policy decisions related to the Plaintiff and directly made the decision to Plaintiff's compensation and refusal to compensate Plaintiff.

20.

Defendant Patel is the Principal Managing Member of MS Pharmacies. At all times relevant to this Complaint, Defendant Patel served as the Managing Member, managing the day-to-day operation of the business, has responsibility and delegated responsibility for the supervision of the employees, has hiring and firing authority, makes compensation decision, and sets and enforces compensation and related policies for Defendant MS Pharmacies that were applicable to Plaintiff.

21.

Defendant MS Pharmacies describes its business as a "local, family owned pharmacy."

22.

Defendants directed Plaintiff to individually engage in interstate commerce, by require recurrently utilizing instrumentalities of interstate commerce, such as the telephone and internet, in performance of her duties.

## III.   FACTUAL ALLEGATIONS

### 23.

Plaintiff is an adult resident of the State of Georgia.  Plaintiff was first employed by the Defendant MS Pharmacies from September 1, 2020 through January 24, 2022 as a Sales Marketing Manager then was promoted to a Sales and Marketing Executive.

### 24.

Upon information and belief, Defendant MS Pharmacies classified Plaintiff as a fulltime exempt employee, compensating her with a salary at a rate of $65,000 per annum which increased to $75,000 per annum in December 2021.  Defendant MS Pharmacies also paid Plaintiff commission each quarter based on quarterly sales numbers.  Defendant MS Pharmacies paid commissions on the third week of the month after the end of each quarter.

### 25.

In her position, Plaintiff was generally responsible for marketing the pharmacy by engaging doctors and doctors' office staff as to the services the pharmacy and in doing so specifically utilized the instrumentalities of interstate commerce such as the internet and telephone.

26.

Plaintiff, during times relevant, frequently worked in excess of forty (40) hours per week.

27.

Plaintiff was never responsible for managing the enterprise, did not direct the work of at least two or more full-time employees, and did not have the authority to hire or fire other employees.

28.

Plaintiff was not engaged in outside "sales" as defined by the FLSA.

29.

Defendant MS Pharmacies' Employee Handbook provides that employees are paid "every 15th and 30th/31st of the month."

30.

Defendants have willfully failed to comply with the provisions of the FLSA, 29 U.S.C. §207, specifically, by intentionally failing to pay Plaintiff her salary on the regular specified paydays as defined in the Employee Handbook.

31.

Defendants failed to pay Plaintiff her salary on the regular payday for thirty-three (33) pay periods during her employment.   Specifically, the following pay period dates were missed at the later date:

| Regular Pay Date | Actual Date Paid |
| --- | --- |
| September 15, 2020 | September 17, 2020 |
| September 30, 2020 | October 2, 2020 |
| October 15, 2020 | October 19, 2020 |
| October 31, 2020 | November 4, 2020 |
| November 15, 2020 | November 19, 2020 |
| November 30, 2020 | December 2, 2020 |
| December 15, 2020 | December 17, 2020 |
| December 31, 2020 | January 5, 2021 |
| January 15, 2021 | January 20, 2021 |
| January 31, 2021 | February 3, 2021 |
| February 15, 2021 | February 18, 2021 |
| February 28, 2021 | March 3, 2021 |
| March 15, 2021 | March 17, 2021 |
| March 31, 2021 | April 2, 2021 |
| April 15, 2021 | April 19, 2021 |
| April 30, 2021 | May 5, 2021 |
| May 15, 2021 | May 18, 2021 |
| May 31, 2021 | June 2, 2021 |
| June 15, 2021 | June 18, 2021 |
| June 30, 2021 | July 6, 2021 |
| July 15, 2021 | July 20, 2021 |
| July 31, 2021 | August 4, 2021 |
| August 15, 2021 | August 18, 2021 |
| August 31, 2021 | September 3, 2021 |
| September 15, 2021 | September 20, 2021 |
| September 30, 2021 | October 5, 2021 |
| October 15, 2021 | October 20, 2021 |

| **Regular Pay Date** | **Actual Date Paid** |
| --- | --- |
| October 31, 2021 | November 3, 2021 |
| November 15, 2021 | November 18, 2021 |
| November 30, 2021 | December 3, 2021 |
| December 15, 2021 | December 20, 2021 |
| December 31, 2021 | January 5, 2022 |
| January 15, 2021 | January 20, 2021 |

32.

Defendants are aware of and are familiar with the requirements of the FLSA, including requirements to pay employees on their regular pay dates and to pay employees minimum wages.

33.

Despite being aware of the requirements of the FLSA, Defendants willfully failed to comply with the provisions of the FLSA, 29 C.F.R. part 541.600, specifically, by failing to pay Plaintiff at the minimum salary requirement of $684.00 per week.

34.

Defendants paid the Plaintiff $1,107.69 for the pay period of January 1 through January 15, 2022.  This amount equals $553.84 per week, which falls below the minimum salary requirement of the FLSA.

35.

Defendants knowingly, intentionally, willfully and recklessly failed to pay the Plaintiff in conformity with the requirements of the FLSA, since it repeated failed to pay Plaintiff her wages, including minimum wages, on the regular pay day.

36.

Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have had a uniform policy and practice of consistently failing or refusing to pay its employees on time and failing or refusing to fully compensate its employees for all time worked.

37.

For at least three (3) years, Defendant has been aware of the requirements of the FLSA, the Department of Labor's regulations, and their own violations of the FLSA. Despite this knowledge, Defendant failed to pay Plaintiff the amount of pay as required by law.

38.

Upon information and belief, Defendant has negligently, intentionally and repeatedly failed to pay minimum wages and wages when due, with the knowledge of the requirements of the FLSA.

39.

As a result of the Defendant's violation of the FLSA, Plaintiff has suffered damages by failing to receive compensation due in accordance with the FLSA.

40.

Plaintiff is entitled to the amount of unpaid wages and is also entitled to recover an additional equal amount as liquidated damages pursuant to the FLSA and prejudgment interest.

41.

Defendants have not made a good faith effort to comply with the FLSA, as the Defendants, engage law firms and engage other employees and contractors to advise on the requirements of the FLSA, and despite that knowledge, they knew of and showed reckless disregard for the requirements to pay minimum wages and pay employees timely, which was conduct prohibited by statute.

42.

Plaintiff is entitled to an award of attorneys' fees under the FLSA.

43.

Plaintiff has no plain, adequate or complete remedy to redress the allegation contained herein and this suit for lost wages, back-pay, and declaratory judgment and injunctive relief is the only avenue to secure adequate relief.

## IV.   COUNT ONE: CLAIMS FOR VIOLATIONS OF THE FLSA – FAILURE TO PAY WAGES ON TIME

44.

Plaintiff incorporates by reference paragraphs 1 – 43 as if full set forth herein.

45.

Plaintiff was classified as an exempt employee of the Defendants being paid on a salary basis.

46.

Defendant MS Pharmacies' Employee Handbook provides that employees are paid "every 15th and 30th/31st of the month."

47.

The Defendants, with knowledge of the requirements of the FLSA, have willfully failed to compensate Plaintiff her salaried wages, or any wages whatsoever, on the each applicable regular pay date.  Defendants failed to pay Plaintiff her wages, including minimum wages, on time on thirty-three (33) occasions during her employment.

48.

As a result of the failure to pay Plaintiff her salaried wages, including minimum wages, on Defendant MS Pharmacies' regular pay dates, the Defendants

have failed to pay minimum wages and failed to pay Plaintiff on a salary basis, which results in the loss of the exemption.

49.

Defendants, being aware of the minimum wage requirements and the salary basis requirements of the FLSA, have willfully violated the minimum wage provisions of the FLSA, when failing to pay Plaintiff on time for each applicable regular pay date.

50.

As a result of such failures, Plaintiff is entitled to be paid minimum wages and overtime wages for each week the Defendants failed to timely pay the Plaintiff.

**WHEREFORE**, Plaintiff prays that this Honorable Court enter judgment in favor for:

A.    Payment of all wages Plaintiff should have received under the FLSA, but for Defendants' willful violation;

B.    Payment of an equal amount of liquidated damages and interest pursuant to the FLSA;

C.    Such other legal and equitable relief including but not limited to, any injunctive and/or declaratory relief, to which they may be entitled; and

D.    All reasonable costs and attorneys' fees pursuant to the FLSA.

## V.   COUNT TWO: FAILURE TO PAY MINIMUM SALARY FOR EXEMPT EMPLOYEE PURSUANT TO 29 C.F.R. part 541.600

### 51.

Plaintiff incorporates by reference paragraphs 1 – 43 as if full set forth herein.

### 52.

29 C.F.R. part 541.600 requires that exempt employees be paid a minimum salary of $684.00 per week.

### 53.

Defendants paid the Plaintiff $1,107.69 for the pay period of January 1 through January 15, 2022.  This amount equals $553.84 per week, which falls below the minimum salary requirement of the FLSA.

### 54.

Defendants are aware of the minimum salary requirements of the FLSA, through the advice and counsel it receives from their lawyers and other human resource professionals.

### 55.

A failure to pay the minimum salary required by the FLSA for any workweek results in a loss of the exemption for that work week.

56.

As a result of the loss of the exemption, the Defendants were obligated to pay Plaintiff overtime wages for all hours worked during that work week.

57.

With being aware of the requirements of the FLSA, Defendant knowingly, intentionally, willfully and recklessly failed to pay minimum wages and overtime wages that the Plaintiff was due in conformity with the requirements of the FLSA.

**WHEREFORE**, Plaintiff prays that this Honorable Court enter judgment in favor for:

A.    Payment of all wages Plaintiff should have received under the FLSA, but for Defendants' willful violation;

B.    Payment of an equal amount of liquidated damages and interest pursuant to the FLSA;

C.    Such other legal and equitable relief including but not limited to, any injunctive and/or declaratory relief, to which they may be entitled; and

D.    All reasonable costs and attorneys' fees pursuant to the FLSA.

## VI. COUNT THREE: RETALIATION CLAIMS PURSUANT TO 29 U.S.C. §215(a)(3).

### 58.

Plaintiff incorporates by reference paragraphs 1 – 43 as if fully set forth herein.

### 59.

During the course of Plaintiff's employment with Defendant, Plaintiff made several oral complaints to the Defendants regarding the failure to pay on-time and the amount of her pay.

### 60.

When Defendants failed to pay Plaintiff the minimum salary for an exempt employee on January 1, 2022, Plaintiff sent the Defendants a written complaint.

### 61.

Oral and written complaints to an employer regarding wages and other provisions under the FLSA constitute protected active pursuant to the FLSA.

### 62.

Within a short proximity of time of Plaintiff engaging in protected activity, Plaintiff was subjected to specific acts of retaliation that culminated in her termination due to Plaintiff participating in the protected activity.

63.

Plaintiff was subjected to retaliation, where other similarly situated employees, who had not engaged in protected activity pursuant to the FLSA, were not subjected to similar actions by the Defendant.  Thus, Plaintiff was subjected to disparate treatment.

64.

Pursuant to 29 U.S.C. §215(a)(3), Defendants are prohibited from discriminating against Plaintiff for engaging in protective activity pursuant to the FLSA.

65.

Plaintiff has suffered and continues to suffer grave and sever mental anguish and emotional distress, loss of wages, loss of pay and other actual damages on account of the Defendants actions.

**WHEREFORE**, Plaintiff prays that this Honorable Court enter judgment in favor for:

A.     Actual damages, including reimbursement for lost wages and back pay;

B.     Future wages for loss of income;

C.     Prejudgment and Post Judgment interests;

D.     Liquidated damages pursuant to 29 U.S.C. 216 (b);

E.      Compensatory damages including mental anguish and emotional distress;

F.      Such other legal and equitable relief including but not limited to, any injunctive and/or declaratory relief, to which they may be entitled; and

G.      All reasonable costs and attorneys' fees pursuant to the FLSA.

## VI.    COUNT FOUR:  BREACH OF CONTRACT CLAIMS.

66.

Plaintiff incorporates by reference paragraphs 1 – 43 as if fully set forth herein.

67.

Plaintiff and Defendant MS Pharmacies entered into a binding written contract regarding Plaintiff's employment that being the Offer Letter ("Agreement").

68.

The Agreement provided that the Defendants would pay Plaintiff at the rate of $65,000 per annum, which was later increased to $75,000 per annum, and a quarterly commission.

69.

The Defendants' written policies and guidelines form a part of the Agreement between the Parties.

70.

The Defendants' written policies and guidelines for the commission structure, commission, and payment of wages established the parameters and timing for payment.

71.

However, beginning the third quarter of 2021, the Defendants failed to provide sales data to the Plaintiff and based on information and belief Defendants failed to pay Plaintiff at least some of her commissions.

72.

Plaintiff provided the Defendants with legal consideration pursuant to the Agreement in performing the duties of her position.

73.

Plaintiff complied with all conditions precedent and other requirements of the Agreement.

74.

The Defendant breached Plaintiff's Agreement by failing to pay Plaintiff for the agreed upon rate as set forth in the Agreement.

75.

As a result of Defendant's breach, Plaintiff is entitled to damages.

76.

Defendant has been stubbornly litigious and has caused the Plaintiff unnecessary trouble and expense so as to allow the Plaintiff to recover their reasonable attorney's fees and expenses incurred in bringing this action pursuant to O.C.G.A. §13-6-11.

77.

Plaintiff is entitled to interest on any sums recovered on account of a breach of contract until the recovery pursuant to O.C.G.A. §§7-4-2; 13-6-11; 13-6-13.

**WHEREFORE**, Plaintiff prays that this Honorable Court enter judgment in favor for:

A. Damages for Breach of Contract, interest as provided by law and such other and further relief as this court deems just and proper;

B. Pre-judgment interest pursuant to O.C.G.A. §§7-4-2;

C. Such other legal and equitable relief including but not limited to, any injunctive and/or declaratory relief, to which they may be entitled; and

D. All reasonable costs and attorneys' fees pursuant to O.C.G.A. §13-6-11.

Respectfully submitted, this <u>29th</u> day of September, 2022.


*Attorneys for Plaintiff*

**MARTIN | DEMELFI, LLC**

<u>/s/ Nicholas P. Martin</u>
Nicholas P. Martin, Esq.
Georgia Bar No. 168722
nmartin@martin-demelfi.com
Frank DeMelfi, Esq.
Georgia Bar No. 320128
fdemelfi@martin-demelfi.com
7000 Peachtree Dunwoody Road
Building 1, Suite 202
Atlanta, Georgia 30328
Phone: (770) 450-6155

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| JORDAN DAVIDSON, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: |
| | ) | |
| MS PHARMACIES LLC, AND | ) | |
| MAHESH PATEL, | ) | |
| | ) | JURY TRIAL REQUESTED |
| DEFENDANTS. | ) | |
| _____ | ) | |

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1D</u>

The undersigned certifies that the foregoing **COMPLAINT** has been prepared using 14-point Times New Roman font in compliance with Local Rule 5.1(C).

Respectfully submitted.

**MARTIN | DEMELFI, LLC**

_/s/ Nicholas P. Martin_____
Nicholas P. Martin, Esq.
Georgia Bar No. 168722
nmartin@martin-demelfi.com